IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA

v.                                          CRIMINAL NO. 5:06-00025

ROBERT E. GRAHAM

<u>MEMORANDUM OPINION</u>

Pending before the court is a motion by the United States for an order substituting certain property in satisfaction of the forfeiture judgment (Doc No. 143).  For the following reasons, this motion is hereby GRANTED in an accompanying Order of Substitution.

18 U.S.C. § 981(a)(1)(C) provides that "[a]ny property, real or personal, which constitutes or is derived from . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title) . . . " is subject to civil forfeiture.  Section 1956(c)(7) includes offenses under "section 666 (relating to theft or bribery concerning programs receiving Federal Funds)" in its definition of "specified unlawful activity."  18 U.S.C. § 1956(c)(7)(D).  Furthermore, according to 28 U.S.C. § 2461(c),

> [i]f a person is charged in a criminal case
> with a violation of an Act of Congress for
> which the civil or criminal forfeiture of
> property is authorized, the Government may
> include notice of the forfeiture in the
> indictment or information pursuant to the
> Federal Rules of Criminal Procedure. If the

> defendant is convicted of the offense giving
> rise to the forfeiture, the court shall order
> the forfeiture of the property as part of the
> sentence in the criminal case pursuant to the
> Federal Rules of Criminal Procedure and section
> 3554 of title 18, United States Code.

Thus, the court concluded at defendant's sentencing hearing that 28 U.S.C. § 2461(c) requires criminal forfeiture of any proceeds of violations of 18 U.S.C. § 666.  See United States v. Vampire Nation, 451 F.3d 189, 199 (3d Cir. 2006) (describing 28 U.S.C. § 2461(c) as a "gap-filler" between civil and criminal forfeiture).  The court consequently granted an order of forfeiture in the amount of $31,129.00, the gross amount defendant was found guilty of embezzling in violation of 18 U.S.C. § 666(a)(1)(A).  The court noted that defendant had repaid the net amount of money he embezzled from his employer, the Council On Aging ("COA") and All-Care, namely $16,162.58.  Thus, it did not order restitution.

28 U.S.C. § 2461(c) provides that forfeitures are to be carried out pursuant to the procedures set forth in 21 U.S.C. § 853.  Where the property traceable to the crime is not available, the court may order the forfeiture of substitute property subject to the conditions set out in § 853(p).  Vampire Nation, 451 F.3d at 202.  Property is not traceable to the crime when such property

> (A) cannot be located upon the exercise of due
> diligence;
>
> (B) has been transferred or sold to, or

-2-

> deposited with, a third party;
> (C) has been placed beyond the jurisdiction of
> the court;
> (D) has been substantially diminished in value;
> or
> (E) has been commingled with other property
> which cannot be divided without difficulty.

21 U.S.C. § 853(p)(1).

The United States now moves the court to order that a portion
of defendant's IRA account be forfeited in substitution for and in
satisfaction of the forfeiture judgment, pursuant to 18 U.S.C.
§ 982(b)(1) and 21 U.S.C. § 853(p).  (See Doc. No. 143.)  The
United States argues that the embezzled funds were not used to pay
back defendant's employer, but were either "'transferred . . . to
a third party', 'substantially diminished in value', or
'commingled with other property . . .'."  (Id. at 3.)   According
to the government, following the electronic transfer of $12,954.94
in embezzled funds to defendant's First Community Bank account in
January 2004, defendant's balance in that account was $21,376.43.
(Doc. No. 143 at 2.)  The balance dwindled to 1,664.50 by February
25, 2004.  (Id.)  Later embezzled funds were converted to cash and
could not be traced further.  (Id.)

Defendant objects on the basis that the "money repaid to the
COA by Bob Graham had the same value as the money paid to the
defendant . . ." and therefore it does not matter whether that
money is directly traceable to the funds he embezzled.  (Doc. No.
152 at 2.)  Defendant further argues that ordering the forfeiture
of part of his IRA account in substitution for the funds he

-3-

embezzled does nothing "to achieve the goal of separating the proceeds of the crime from the criminal," as defendant already repaid his victim, albeit from funds not traceable to the embezzled funds.  (Id. at 4.)  Thus, defendant is essentially restating the argument he made at sentencing - that it is unfair to order forfeiture when defendant paid his employer restitution.

However, as the United States points out, restitution and forfeiture serve different purposes and thus can be imposed simultaneously.  (Doc. No. 153 at 2.)   See United States v. Alalade, 204 F.3d 536, 539-40 (4th Cir. 2000) (rejecting defendant's claim that the amount of restitution he was ordered to pay should be offset by the value of property that was administratively forfeited); United States v. Emerson, 128 F.3d 557, 566-67 (7th Cir. 1997) (declaring sentencing court has statutory authority to impose both restitution and forfeiture, and there is no legal authority to offset one from the other) (discussing United States v. Various Computers & Computer Equip., 82 F.3d 582, 586-89 (3d Cir. 1996)).  As the United States points out, if defendant had not already repaid the funds he embezzled from his employer, he would have been ordered to pay restitution. The fact that defendant has already repaid his victim is irrelevant to the court's obligation to impose an order of forfeiture, whose purpose is not to make the victim whole, but "to punish a defendant for his ill-gotten gains by transferring those gains from the defendant to the United States Department of

-4-

Justice." <u>Emerson</u>, 128 F.3d at 567.

In light of this precedent, the court must reject defendant's argument that the court cannot order defendant to forfeit the proceeds of his embezzlement because he repaid his victim.  The court further finds that the government has demonstrated that the funds defendant embezzled were "transferred . . . to a third party", "substantially diminished in value", or "commingled with other property . . . ."  21 U.S.C. § 853(p)(1)(B), (D) & (E). Because the court finds that the property traceable to defendant's embezzlement is not available, it orders the forfeiture of substitute property in an accompanying Substitution Order.

The Clerk is directed to send a copy of this Memorandum Opinion to counsel of record, Betty Pullin, Assistant United States Attorney, Special Agent Carrie A. Rodgers, P.O. Box 534, Pittsburgh PA 15230, the United States Marshal for the Southern District of West Virginia, the Probation Office of this court, and to the defendant.

IT IS SO ORDERED this 22nd day of March, 2007.

ENTER:

David A. Faber
Chief Judge